IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD SANCHEZ,

        Plaintiff,

v.                                                             CIV 04-637 KBM/LCS

STATE OF NEW MEXICO, et al.,

        Defendants.

# **MEMORANDUM OPINION AND ORDER**

*Factual and Procedural Background*

Plaintiff Edward Sanchez lives in Portales. A person with the same name as Plaintiff who lives in Clovis failed to appear on a traffic citation before Defendant Portales Magistrate Court ("Portales Court"). The Portales Court thus issued a bench warrant for "Edward Sanchez," but inadvertently listed Plaintiff's social security number and birth date. Thereafter, Plaintiff was involved in a traffic accident. During the investigation of the accident, the officers discovered the outstanding warrant for "Edward Sanchez." When asked to give his social security number, Plaintiff's response matched that listed in the warrant. Plaintiff was arrested late that evening, despite his protests that there had been a mistake, and spent several hours in jail before his wife posted bond. The next morning the Portales court discovered and corrected its mistake immediately and conveyed its apologies to Plaintiff. *See, e.g., Doc. 18,* 1-5; *id.,* Exh. 2.

Plaintiff originally filed suit in state court, raising only state law claims in both his initial and amended complaints. *See, e.g., Doc. 16,* Exhs. 1-2. The state court dismissed the New

Mexico Tort Claims Act counts against the judicial defendants, the Portales Court and Defendant Esther Vargas. *See id.,* Exh. 4. Thereafter Plaintiff filed a Second Amended Complaint alleging false arrest, false imprisonment and violation of constitutional rights, under 42 U.S.C. § 1983 and state law. The Second Amended Complaint was removed to this Court based solely on federal question jurisdiction. *See Doc. 1.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 3, 5, 6* (duplicate filing of Plaintiff's consent form).

## *Analysis*

The matter is now before me on Defendants' motions for summary judgment. Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Court must "view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence" that would justify sending the case to a jury. *Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986)). Indeed, summary judgment

> is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action.". . . Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Plaintiff, who is represented by counsel, did not respond to the motions or submit any evidence for the Court's consideration.  *See Docs. 20, 21; see also* D.N.M.LR.-Civ 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").  Nevertheless, the Court has reviewed the defendants' motions, memoranda and exhibits submitted in support of the motions.  Because the evidence contained within the exhibits has not been controverted, the facts are not in dispute.

I agree with Defendants that given the uncontroverted facts, Sanchez fails to state a viable legal theory against any Defendant.  *See Docs. 17, 19.*  In short, the undisputed facts establish that the inclusion of Plaintiff's identifying information in the warrant was inadvertent and simple negligence at best.  This case of mistaken identity fails to implicate any reckless or deliberate indifference by Defendants to Plaintiff's constitutional rights.

Moreover, the inaccurate information did not vitiate the validity of the warrant, and the evidence demonstrates that the officers who effectuated the arrest acted in good faith pursuant to that warrant.  The case law cited by Defendants in their briefs bears out my conclusion that the officers' actions did not violate the Fourth Amendment.  *See Doc. 17 & 19* (and cases cited therein).  If I am incorrect, Defendants are surely entitled to qualified immunity.  Moreover, because the officers reasonably believed that they had lawful authority to arrest Plaintiff, Sanchez likewise fails to demonstrate a state law claim for false arrest or false imprisonment.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' motions for summary judgment *(Docs. 16 & 18)* are GRANTED, and this action will be dismissed with prejudice in its entirety.  A final

order consistent with FED. R. CIV. P. 58 shall enter concurrently herewith.

*[signature: Karen B Molzen]*

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.